IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ROSANNA BRUTON, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. G-05-307 |
| GENERAL MOTORS CORPORATION, and TOYOTA MOTOR CORPORATION | § | |
| Defendants. | § | |

**ORDER DENYING DEFENDANTS GENERAL MOTORS CORPORATION AND TOYOTA MOTOR CORPORATION MOTION TO TRANSFER VENUE**

This case arises out of injuries sustained by Rosanna Burton ("Plaintiff") in a motor vehicle crash in Brookshire, Texas. Now before the Court comes Defendants General Motors Corporation ("General Motors") and Toyota Motor Corporation ("Toyota") (collectively, "Defendants") Motion to Transfer Venue to the Houston Division of the Southern District of Texas. For the reasons stated below, Defendants' Motion is respectfully **DENIED**.

I.    Background

Plaintiff was allegedly injured in a multi-vehicle collision on February 22, 2004, resulting in the bilateral amputation of her legs. At the time of the accident, Plaintiff was a passenger in a 2003 Chevrolet 1500 pickup truck, which caught on fire as a result of the collision. Plaintiff contends that the fuel system, including the gasoline tank and/or surrounding structures of the Chevrolet pickup truck was defective, and filed claims for negligence, gross negligence, misrepresentation, strict products liability and breach of warranty against General Motors. Plaintiff also filed a claim of strict product liability against Toyota. Defendants now move for transfer to the

Houston Division of this District. II.  Legal Standard

The federal venue transfer statute provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  The movant bears the burden of demonstrating to the Court that it should transfer the case. *See Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989)  (requiring the movant to make a showing that the forum sought is more convenient); *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966) ("At the very least, the plaintiff's privilege of choosing venue places the burden on the defendant to demonstrate why the forum should be changed.").  In determining whether a venue transfer is warranted, the Court considers the availability and convenience of witnesses and parties; the location of pertinent books and records; the cost of obtaining attendance of witnesses and other trial expenses; the place of the alleged wrong; the possibility of delay and prejudice if transfer is granted; and the plaintiff's choice of forum, which is generally entitled to great deference. *See, e.g.*, *Henderson v. AT&T Corp.*, 918 F. Supp. 1059, 1065 (S.D. Tex. 1996); *Dupre v. Spanier Marine Corp.*, 810 F. Supp. 823, 825 (S.D. Tex. 1993); *Continental Airlines, Inc. v. American Airlines, Inc.*, 805 F. Supp. 1392, 1395-96 (S.D. Tex. 1992).  The decision to transfer a case lies within the sound discretion of the Court, and such determinations are reviewed under an abuse of discretion standard.  *See Peteet*, 868 F.2d at 1436.

Defendants' brief in support of their Motion demonstrates confusion as to the standard that applies to a motion to transfer venue with that required for a motion to dismiss on the grounds of forum non conveniens.  The standard outlined above is the legal standard for a motion to transfer venue pursuant to 28 U.S.C. § 1404(a).  This standard is the same whether the motion is for an inter-divisional transfer from the Galveston Division to the Houston Division or an inter-district transfer from the Southern District of Texas to the Northern District of California.  It is well-established that

"[a] motion to dismiss on grounds of forum non conveniens implicates different interests than a motion to transfer venue." *See Peteet*, 868 F. 2d at 1436.  In addition, the Supreme Court made clear that the two types of motions are not "directly comparable." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 258 n.26 (1981).  Nevertheless, Defendants have based their argument for transfer upon two forum non conveniens cases, *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947) and *Walter Fuller Aircraft Sales v. The Rep. of the Philippines*, 965 F.2d 1375 (5th Cir. 1992).  This reliance is misplaced.  The Court is confused as to why Defendants would base their argument upon irrelevant authority given the overwhelming number of published opinions by this Court on the correct legal standard and analysis for a motion to transfer venue.  *See, e.g.*, *Blansett v. Continental Airlines*, 203 F. Supp. 2d 736, 738 (S.D. Tex. 2003); *Chretien v. Home Depot U.S.A., Inc.*, 169 F. Supp. 2d 670, 672–73 (S.D. Tex. 2001); *Henderson*, 918 F. Supp. at 1065; *Dupre*, 810 F. Supp. at 825; *Continental Airlines, Inc.*, 805 F. Supp. at 1395–96.  This type of briefing is of little assistance to the Court.

III.    Analysis

A.  *Availability and Convenience of Witnesses*

"The availability and convenience of witnesses is arguably the most important of the factors" in the § 1404 analysis.  *LeBouef v. Gulf Operators, Inc.*, 20 F. Supp. 2d 1057, 1060 (S.D. Tex. 1998) (citing 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 3851, at 415 (1986)).  To support a Motion to Transfer on this ground, the movant must identify key witnesses and provide a brief outline of their likely testimony.  *See id.* (citing *Dupre*, 810 F. Supp. at 825).  "The convenience of one key witness may outweigh the convenience of numerous less important witnesses." *Id.*  Defendants maintain that, because the majority of fact witnesses are located in Houston, that the convenience of key witnesses weighs in favor of transfer.  Plaintiff responds, first, that many of the anticipated witnesses who will testify as to her injuries and damages

reside within this Division. Second, that this lawsuit is a products liability case, and as such, Plaintiff's proof at trial will consist of expert testimony concerning the product defect aspects of this case, and less so of various fact witnesses.

While it may be true that most fact witnesses for the defense reside in Houston, Defendants have not provided the Court with descriptions of likely testimony to be given by any of these potential witnesses. Without descriptions of testimony, this Court cannot evaluate the importance of the potential fact witnesses that Defendants list in this lawsuit. The Defendants have not explained how transferring this case to the Houston Division will increase the availability and convenience of Plaintiff's treating physicians or her expert witnesses. Defendant makes no mention of the availability and convenience of non-fact witnesses. This factor does not support transfer.

*B. Location of Books and Records*

Defendants did not comment on the location of their books and records that may be relevant to this lawsuit. Plaintiff states that most of Defendant's books and records are likely located out of state because this is primarily a products liability case. If this is true, it makes little difference whether those items are shipped to Houston or Galveston. Therefore, this factor does not support transfer.

*C. Trial Expenses*

Defendants assert that the Houston Division offers lower costs for obtaining witnesses and other trial expenses, pointing out that many of the fact witnesses live within the Houston Division. Plaintiff argues that the trial expenses are likely to be similar in either venue. Neither party provides specific information on the expenses and costs associated with trial in Galveston versus Houston. Given the close proximity between the two cities, this Court's cost-efficient manner of handling cases, and this Court's comparatively shorter trial track, common sense dictates that trial expenses

will be similar if not identical in both venues. *See Blansett*, 203 F. Supp. 2d at 742; *Chretien*, 169 F. Supp. 2d at 675. This factor does not support transfer.

D. *Place of the Alleged Wrong*

Defendants argue that the Court should consider the place of the alleged wrong. This Court generally considers the place of the alleged wrong to be a very important factor in venue determinations. *See Henderson*, 918 F. Supp. at 1067 (observing that suits by nonresidents can work to delay the trials of residents). However, "this factor, like the other factors, is only part of the equation." *Dupre*, 810 F. Supp. at 827. It is undisputed that the events giving rise to this lawsuit took place in the City of Brookshire, which is in the Houston Division. Plaintiff's primary connection to this Court is that she received treatment for her injuries at the University of Texas Medical Branch Burn Unit ("UTMB Burn Unit), located here in Galveston. The factors weighs slightly in favor of transfer, but it is not enough to warrant transferring this case to Houston.

E. *Possibility of Delay*

Defendants contend that transfer of this case will not significantly delay the trial or otherwise result in prejudice to any party. Plaintiff responds there is a significant possibility of delay and/or prejudice as the Houston Division has a greater backlog of cases, and once transferred, this case would move "to the end of the line." *See Blansett*, 203 F. Supp. 2d at 743; *Chretien*, 169 F. Supp. 2d at 676. This case is set for trial on September 11, 2006. Although it is true that the Houston Division has a greater backlog of cases, and that this Court has a reputation for handling cases in an expeditious and cost-efficient manner, transfer at this relatively early stage in the proceedings is likely to result in little delay. *See McGinnis v. Eli Lilly and Co.*, 181 F. Supp. 2d 684, 691 (S.D. Tex. 2002). This factor weighs slightly in favor of transfer.

F. *Plaintiff's Choice of Forum*

Defendants acknowledge that the Plaintiff's choice of forum is generally entitled to great deference, but they maintain that the choice of forum is entitled to less deference when the plaintiff does not live in the forum. *See, e.g.*, *Robertson v. M/V Cape Hunter*, 979 F. Supp. 1105, 1109 (S.D. Tex. 1997) (finding that a Mississippi plaintiff's choice of the Southern District of Texas was entitled to little or no deference where the case had no connection to the forum). Plaintiff responds that her choice to litigate in Galveston is entitled to great deference. Plaintiff currently resides in San Antonio, Texas, and the injury occurred in Houston Division. However, she has received significant medical treatment for her injuries at the UTMB Burn Unit in Galveston, Texas, located within this Division. Defendants correctly state the law, but Plaintiff's choice still requires some deference unless the case has absolutely no connection to this forum. *Id*. at 1109. Given that there is some connection to this forum, this factor supports retention.

IV.   Conclusion

While the Court understands that Defendants and their witnesses may incur some expense in trying this case in this Court, Defendants have not met their burden of proving that a transfer is necessary to serve the interests of justice or for the convenience of the witnesses and parties. For the reasons stated above, Defendants' Motion to Transfer Venue is hereby respectfully **DENIED**. Each Party is to bear its own taxable costs, attorneys' fees, and expenses incurred herein to date.

**IT IS SO ORDERED**.

**DONE** this 14th day of October, 2005 at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge